■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CURTIS CROSKERY, Appellant. (Appeal No. 1.) [621 NYS2d 983] —Judgment unanimously affirmed. Memorandum: Defendant appeals from two judgments, the first convicting him upon his plea to first degree rape and sentencing him to 12½ to 25 years' imprisonment, and the second convicting him upon his plea to attempted first degree burglary and sentencing him to 7½ to 15 years' imprisonment, to run consecutively to the first sentence. Defendant contends that his sentencing was conducted in violation of CPL 380.50 (2) (b) and that the sentence is harsh or excessive.

As a threshold matter, we conclude that defendant is not bound by his waiver of his right to appeal where, as here, Supreme Court expressly released defendant from that waiver.

The contention that defendant's sentences must be vacated and that defendant must be resentenced as a result of a violation of CPL 380.50 (2) (b) is without merit. That statute requires the court to notify the defendant of the victim's intent to make a statement at sentencing. Here, such notice was given by the prosecutor, not by the court. Nonetheless, reversal is not required. Defendant was not prejudiced as a result of the prosecutor's notification. Although defendant objected to the victim's statement, he did not request an adjournment, which is his exclusive remedy under the statute (see, CPL 380.50 [2] [b]). Further, defendant did not avail himself of his statutory right to present questions or information to rebut the victim's statement (see, CPL 380.50 [2] [e] [A], [B]).

We have considered the challenge by defendant to the severity of his sentences and conclude that it is without merit. (Appeal from Judgment of Supreme Court, Erie County, Kasler, J.—Rape, 1st Degree.) Present—Green, J. P., Pine, Balio, Callahan and Boehm, JJ.